MARY E. SHARP, PROSECUTOR, v. BOROUGH OF VINE-
LAND AND LONDON GUARANTEE AND ACCIDENT
COMPANY, LIMITED, RESPONDENTS.

Submitted October 20, 1936—Decided February 13, 1937.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and
PERSKIE.

For the prosecutor, *William C. Gotshalk* and *Phillip P. Wodlinger*.

For the respondents, *Ralph N. Kellam*.

The opinion of the court was delivered by

CASE, J.   The sole question is whether the Court of Com-
mon Pleas of the county of Salem and the workmen's com-
pensation bureau were correct in point of law in holding that
the Employers' Liability statute does not provide compensa-
tion, on the death of an employe, to children illegitimately
born to a woman before her marriage to the employe, who was
not the father of the children.

Section 12 of the statute, as amended by chapter 135,
*Pamph. L.* 1928, *p.* 286, thus defines those who are to be
considered "dependents" within the application of the act:

"The term 'dependents' shall apply to and include any or
all of the following who are dependent upon the deceased
at the time of accident or death, namely: husband, wife,
parents, step-parents, grandparents, children, step-children,
grandchildren, child *in esse*, posthumous child, illegitimate

children, brothers, sisters, half-brothers, half-sisters, niece, nephew. Legally adopted children shall in every particular, be considered as natural children * * *."

Those provisions, except for the words "child *in esse*" and "niece, nephew," which have no bearing upon the present issue, are as they were when the Court of Errors and Appeals (92 *N. J. L.* 524), adopting the Supreme Court opinion of Mr. Justice Bergen in *Splitdorf Electrical Co.* v. *King,* 90 *Id.* 421, held that at common law a bastard child was *nullius filius,* and therefore not a grandchild and that the statute made use of the descriptive word "grandchildren" in its ordinary sense and not as inclusive of illegitimacy. The argument for reversal in the instant case is made to turn upon the contention that the children described in the first paragraph above are decedent's step-children within the meaning of the statute. The word "step-children" is juxtaposed in the statute with "grandchildren" and seems to be subject to the same reasoning and therefore to be governed by the same conclusion. The observation made in the Splitdorf case that the court cannot supply the omission by what would be the exercise of a legislative function is controlling not only as a precedent stated by our court of last resort but by reason of the fact that in the intervening twenty years the legislature has not seen fit to change the statute in that respect. It is urged by the prosecutor that the facts herein differ fundamentally from those present in the Splitdorf case and that the legal principles stated therein, to which we have referred, are *dicta.* The facts do differ. But the legal principles are unquestionably pertinent and are not, in our opinion, *dicta.* They were expressed as essential steps in the construction of the statute upon which the action depended but by which, as the opinion held, it was not supported.

This court, in *Coyle* v. *Pension Commission,* 108 *N. J. L.* 1, opinion by Chief Justice Gummere, determined that the third section of chapter 160, *Pamph. L.* 1920, providing for the payment of a pension to the widow or children of a deceased member of the police or fire department in a municipality, did not apply to illegitimate children: a determination of

wider import than we are now called upon to make because the decedent was there the father of the illegitimates.

We conclude that the finding below was correct. The judgment under review will be affirmed.